IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DON MATTHEW DUCLOS,

    Plaintiff,

vs.

SGT. PENAHERRER, #78, in official capacity; and CO ONOFREI, #113, Correctional Officer in official capacity;

    Defendants.

8:24CV410

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Don Matthew Duclos' Complaint filed on October 21, 2024. Filing No. 1. When the events at issue occurred, he was in incarcerated at the Sarpy County Jail, also known as the Sarpy County Correctional Center (SCCC). Plaintiff is currently confined at the Lincoln Regional Center. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

## I. SUMMARY OF COMPLAINT

Plaintiff has sued Sergeant Penaherrer and Correctional Officer Onofrei, both SCCC officers, in their official capacities. Plaintiff alleges the following as his "Statement of Claim":

Plaintiff is disabled, cannot use his right leg, and needs to use a walker. On September 19, 2024, while incarcerated at SCCC, Penaherrer went to Plaintiff's cell and demanded that Plaintiff hand over his walker. Plaintiff refused and turned to push his walker to the back of the cell. While Plaintiff was positioned between Penaherrer and the walker, Penaherrer jumped on Plaintiff's back and knocked him to the ground. Penaherrer grabbed Plaintiff,

twisted and torqued Plaintiff's body and neck, and Plaintiff's neck popped. Filing No. 1 at 4.

Plaintiff has underlying neurological problems. After the incident with Penaherrer, Plaintiff was sent to the hospital. The alleged attack exacerbated Plaintiff's neurological problems, resulting in seizures and speech problems that lasted for days. Plaintiff also sustained soft tissue injuries to his knee and neck and psychological harm as a result of his altercation with Penaherrer. Filing No. 1 at 4, 7.

On October 14, 2024, Plaintiff asked Onofrei for the standard form for filing a lawsuit under 42 U.S.C. § 1983. Onofrei refused, stating he was not going to hand Plaintiff the forms needed to file a lawsuit against anyone. Filing No. 1 at 6. Plaintiff alleges Onofrei denied Plaintiff's access to the law library and the courts.

Plaintiff requests damages for the physical and psychological injuries caused by Penaherrer's alleged wrongful conduct. Filing No. 1 at 7. He does not request any remedy for the alleged conduct of Onofrei.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"

2

*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Plaintiff seeks an award of damages under 42 U.S.C. § 1983. To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).

## A. Official Capacity Claims

The defendants are employees of Sarpy County, Nebraska. A lawsuit against a public employee in his or her official capacity is a suit against the public employer. *Campbell v. State of Iowa, Third Jud. Dist. Dep't of Corr. Serv.*, 702 F.3d 1140, 1141 (8th Cir. 2013) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir.1999)). So, Plaintiff's claims against Penaherrer and Onofrei, in their official capacities, are claims against Sarpy County.

To state a claim against Sarpy County, Plaintiff must allege his constitutional rights were violated by actions or inactions performed pursuant to county policy or custom. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). Even if an unconstitutional policy or custom is alleged, the entity cannot be held liable absent a threshold finding of individual liability on the underlying substantive claim. *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005). Plaintiff's complaint does not allege the existence of any Sarpy County policy or custom that violated his constitutional rights.

Plaintiff's claims against Penaherrer and Onofrei, in their official capacities, must be dismissed.

## B. Individual Capacity Claims

While Plaintiff has chosen to sue the defendants in their official capacities, in the interest of preserving court resources, the Court will also address whether Plaintiff's complaint states a claim against either defendant, in his individual capacity.

### 1. Penaherrer

Plaintiff alleges that on September 19, 2024, he was physically attacked by Penaherrer because he refused to relinquish his walker. Because Plaintiff

was a pretrial detainee, *see* Filing No. 1 at 5, his relevant constitutional rights arise under the Due Process Clause of the Fourteenth Amendment. *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014) (citing *Putman v. Gerloff*, 639 F.2d 415, 419 (8th Cir. 1981)). The Fourteenth Amendment gives state pretrial detainees rights which are "*at least as great* as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (emphasis in original) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). However, "[t]he Constitution affords greater protection to a pretrial detainee compared to a convicted inmate in the sense that '[d]ue process requires that a pretrial detainee not be punished.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)).

Excessive force claims of pretrial detainees are analyzed under an objective reasonableness standard—that is, were the defendants' actions objectively reasonable under the circumstances? *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). A court must assess the actions of each officer "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). A court must also account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Kingsley*, 576 U.S. at 397 (quoting *Bell*, 441 U.S. at 520).Factors relevant to assessing the objective reasonableness of force used by officers include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably

5

perceived by the officer; and whether the plaintiff was actively resisting.

*Id.*

Liberally construed, Plaintiff alleges he needs his walker and when he would not give it to Penaherrer as demanded, Penaherrer purposefully attacked him for no legitimate reason. He claims that even after he was subdued, Penaherrer continuously twisted and torqued Plaintiff's body, causing neurological injuries, seizures, and loss of speech.

Assuming all allegations are true for the purpose of this initial review, Plaintiff has stated a claim against Penaherrer, in his individual capacity, for use of excessive force in violation of the Fourteenth Amendment.

### 2. Onofrei

Plaintiff claims he was denied access to the courts when Onofrei refused to give Plaintiff a form to file a § 1983 action. Plaintiff's complaint also includes a conclusory allegation that Onofrei denied Plaintiff's access to the law library, but he provides no context or specifics for this allegation. Even assuming Onofrei had a duty to provide the § 1983 complaint form to Plaintiff, this single incident by Onofrei does not rise to the level of a constitutional violation. Moreover, an inmate claiming lack of access to the courts must show how the defendant's conduct hindered his efforts to pursue a legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). As evidenced by this lawsuit, which was filed only seven days after Onofrei allegedly refused to retrieve the § 1983 complaint form, Onofrei's conduct did not prevent Plaintiff from filing a lawsuit or deny his access to the court. *See Cole v Smith*, 344 F.2d 721 (8th Cir. 1965) (dismissing complaint alleging denial of access to the courts; even assuming the prison confiscated a petition for writ the inmate intended to file, the inmate was nonetheless able to file the lawsuit currently before the court); *Farmer v.*

*Loving*, 392 F. Supp. 27, 29 (W.D. Va. 1975) (holding temporary lack of access to writ forms did not deny the inmate's access to the court where a petition for a writ need not be written on a standard form, the petition was actually filed, and, even if the form was necessary, the inmate could have obtained it from the Clerk of Court upon request).

Plaintiff has not and cannot state a § 1983 claim against Onofrei, in his official or individual capacities, for lack of access to the courts.

### IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff's claims against both defendants, in their official capacities, must be dismissed. Plaintiff's claim against Onofrei, in his individual capacity, must be dismissed. Plaintiff has, however, stated a claim against Penaherrer, in his individual capacity, for use of excessive force in violation of the Fourteenth Amendment.

Accordingly,

IT IS ORDERED

1. Only Plaintiff's excessive force claim against Sgt. Penaherrer, in his individual capacity, may proceed.

2. Plaintiff's claims against both defendants in their official capacities, and his claim against Onofrei, in his individual capacity, are dismissed.

3. The Clerk of Court is directed to terminate CO Onofrei as a defendant. The Clerk of Court is further directed to update the caption to reflect that "Sgt. Penaherrer, in his individual capacity," is the sole defendant.

4. For service of process on Sergeant Penaherrer, in his individual capacity, the Clerk of Court is directed to complete a summons form and a

USM-285 form for Sergeant Penaherrer using the following address: Sarpy County Jail, 1208 Golden Gate Dr, Papillion, NE 68046, and forward them together with a copy of the Complaint, Filing No. 1, and a copy of this Memorandum and Order to the United States Marshals Service.

5. The Marshals Service shall serve Sergeant Penaherrer, in his individual capacity, by certified mail or other authorized method of service at the Sarpy County Jail address shown above. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

6. For service by certified mail or designated delivery service, the Marshals Service shall serve the defendant within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

7. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

8. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process on Sergeant Penaherrer.

9. Plaintiff is hereby notified that failure to obtain service of process on Sergeant Penaherrer within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

10. The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: **December 22, 2025**: service of process to be completed.

11. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 22nd day of September, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge